## BRANCH v. THE TOWN OF MARENGO.

1. **Taxation**: DEPOSITS IN BANKS. A banker is liable to taxation only for such moneys and credits as are in his possession as owner, and not for those which he may hold as the custodian of others. Bank deposits are taxable to the depositors and not to the bank.

*Appeal from Iowa Circuit Court.*

FRIDAY, JUNE 16. ··

THE plaintiff, being a private banker, was assessed for the year 1875 by the assessor of the town of Marengo in the sum of $4,000, on account of moneys and credits. The board of equalization, being the town council, increased this assessment to $10,000. Plaintiff appealed to the Circuit Court, and on an agreed statement of facts the action of the board· of equalization was reversed, and the amount fixed as made by the assessor originally. Defendant appeals

*M. P. Smith* and *C. Hedges*, for appellant.

*Clark & Haddock* and *Rumple & Lake*, for appellee.

ROTHROCK, J.—There is but one question presented in this case. It is conceded that the amount returned by the assessor is correct unless the plaintiff is liable to have the average value of deposits of his customers for the year 1874, in the business of banking, assessed as moneys and credits. If he was properly chargeable with such average value of deposits as were actually used by him, it is conceded that the action of the board of equalization was correct.

Counsel for appellant insist that, under the provisions of Chapter 63, Acts of the Fifteenth Gen. Assembly, the average deposits should be taxed as the property of the plaintiff. This act is amendatory of Sec. 812 of the Code, which fixes the property or money owned on the first day of January preceding as the amount which should be assessed. The amendment makes the average value for the year preceding the criterion for assessment. As to what shall be assessed, the act first provides for "moneys and credits of private bankers," and again it provides that the "average value of the moneys and credits which have been in the possession or under the control of such person * * * shall be listed for taxation." It is claimed that this latter clause includes the average deposits of customers.

Taking the whole section together, we are of opinion that the fair construction is, that it only includes such moneys and credits as may have been in the possession or under the control of the person as owner, and does not include such as he may be holding as the mere custodian of others.

It is presumed that the customers of banks make returns of their moneys and credits, which would include bank deposits; and to give this section the construction claimed by appellant, would result in double taxation.

We might further remark, that if the construction claimed should obtain, this section must then be construed in connection with Section 814 of the Code, which provides for

deducting from the amount of moneys and credits all debts in good faith owing by the party assessed. If, then, it be held that the plaintiff was the owner of the deposits, he was the absolute debtor to the depositors for the whole amount thereof, and entitled to deduct the same. In any view taken of the question, we are of the opinion that the judgment of the court below was correct.

AFFIRMED.